# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARRED BURTON KNIGHT,<br>                Petitioner,<br><br>   vs.<br><br>VINCENT MOONEY,<br>Superintendent of SCI Coal Township,<br>                Respondent. | Civil Action No. 14-955<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 1 |

## ORDER

Jarred Burton Knight ("Petitioner"), is a state prisoner incarcerated in the State Correctional Institution at Coal Township ("SCI Coal Township"). Petitioner is represented by counsel. Counsel has filed a "Request for Extension of Time to File Habeas Corpus Petition" ("the Motion"). ECF No. 1. In the Motion, counsel explains that Petitioner wants to challenge the judgment of sentence imposed upon him by the Court of Common Pleas of Butler County on June 17, 2009. Counsel also asserts that the "time for filing Petitioner's Petition for Habeas Corpus Relief under 28 U.S.C.A. § 2254 expires on July 22, 2014." ECF No. 1, ¶ 5. Counsel also asserts that while she has represented Petitioner throughout the Post Conviction Relief Act ("PCRA") proceedings in state court, Petitioner is actively seeking new counsel to represent him in the habeas corpus proceedings. Id., ¶ 6. Counsel requests a 30 day extension for filing the habeas petition in this Court. In support of this Court's authority to grant the extension, Counsel

cites to 28 U.S.C.A. § 2263(b)(3).[1] Section 2263 is not applicable herein, as it addresses Special Habeas Corpus Procedures in Capital Cases but this is not a capital case.

Moreover, it appears that Counsel has calculated the statute of limitations incorrectly. From this Court's quick review of the dockets of the State Courts, it appears that Petitioner's conviction became final on or about December 10, 2010, which is ninety days after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on direct appeal. Johnson v. Hendricks, 314 F.3d 159, 161 (3d Cir. 2002). Petitioner filed his PCRA petition on or about September 2, 2011, which would toll the running of the statute of

---

[1] 28 U.S.C. § 2263 provides as follows:

> (a) Any application under this chapter for habeas corpus relief under section 2254 must be filed in the appropriate district court not later than 180 days after final State court affirmance of the conviction and sentence on direct review or the expiration of the time for seeking such review.
>
> (b) The time requirements established by subsection (a) shall be tolled--
>
>> (1) from the date that a petition for certiorari is filed in the Supreme Court until the date of final disposition of the petition if a State prisoner files the petition to secure review by the Supreme Court of the affirmance of a capital sentence on direct review by the court of last resort of the State or other final State court decision on direct review;
>>
>> (2) from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition; and
>>
>> (3) during an additional period not to exceed 30 days, if--
>>
>>> (A) a motion for an extension of time is filed in the Federal district court that would have jurisdiction over the case upon the filing of a habeas corpus application under section 2254; and
>>>
>>> (B) a showing of good cause is made for the failure to file the habeas corpus application within the time period established by this section.

limitations. Between the date Petitioner's conviction became final, i.e., December 10, 2010, and the date on which he filed his PCRA petition, i.e., September 2, 2011, a total of 266 days of the one year statute of limitations ran which leaves about 99 days remaining. The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in Petitioner's PCRA proceedings on June 24, 2014, which means that the statute of limitations began to run again on June 25, 2014.

The Court shall dismiss the Motion because it is premature. Before this Court may consider issues related to the timeliness of a petition for a writ of habeas corpus, Petitioner must properly commence this case by actually filing the petition for a writ of habeas corpus and the required: (1) the $5.00 filing fee; or, (2) a motion for leave to proceed *in forma pauperis*.

Based upon all of the foregoing, this 5th day of August 2014, **IT IS HEREBY ORDERED** that:

1. The " Request for Extension of Time to File Habeas Corpus Petition," ECF No. 1 is **DISMISSED** as premature;

2. The Clerk of Court shall mark this case **CLOSED**;

3. Petitioner may reopen this case if he:

    (a) files a Petition for Writ of Habeas Corpus; and,

    (b) either: (1) pays the $5.00 filing fee; or, (2) files a motion for leave to proceed *in forma pauperis* accompanied by the following two documents:

    > (i) a certificate from the Superintendent or other appropriate officer at SCI Coal Township showing the amount of money or securities that the he has in any account in the institution; and,

    > (ii) a certified copy of his institutional account statement from every jail or prison at which he was confined for the 6-month period leading up to the date the account statement is submitted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

                                                                            s/Maureen P. Kelly
                                                                            MAUREEN P. KELLY
                                                                            UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF